UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:02 CR 230 CDP-1 |
| ) | |
| GLENN WIGGINS, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's pro se motion to desist his obligation to pay restitution, or alternatively to modify his restitution obligation in the form of community service.  ECF 261.  In his motion defendant alleges that he has paid restitution "for some 20 years" but can no longer afford to pay any restitution because he is on a fixed income.  *Id*.  He further states that he is "behind in utilities and can't afford meds."  *Id*.  Defendant provided no evidence of his assets or the amount of his monthly expenses.[1]  Upon due consideration of defendant's motion and reply brief (ECF 268), as well as plaintiff's opposition thereto (ECF 266), the motion is denied.

On July 24, 2002, defendant pleaded guilty to bank fraud in violation of 18

---

[1] Although no evidence was provided with the motion, defendant submitted a reply brief in support of his motion and attached evidence of income and a list of prescribed medications.  ECF 268.

U.S.C. §§ 2 and 1344.  ECF 146 at 1.  Defendant was the ringleader of a multi-state counterfeit check cashing ring.  ECF 147.  On October 11, 2002, I sentenced him to a total of 78 months imprisonment and a five year term of supervised release.  *Id*. at. 2, 3.  I also ordered defendant to pay $310,384.55 in restitution and a special assessment of $100.00.  *Id*. at 5.  The restitution imposed by the Court was mandatory, and the Judgment states that "pursuant to the Mandatory Victims Restitution Act of 1996, the defendant **shall** make restitution to: [the victims]."  *Id*. at 8 (emphasis added).  Restitution and the special assessment were due in full immediately.  *Id*. at 7, 8.  The Judgment also provides a minimum payment schedule, which requires defendant to make monthly restitution payments of "at least $100," with payments to commence no later than 30 days after release from imprisonment.  *Id*. at 8.

Defendant did not pay all criminal monetary penalties in full immediately upon sentencing.[2]  While incarcerated, he made some restitution payments through the Inmate Financial Responsibility Program.  After release from confinement, defendant made his first voluntary restitution payment in February 2009.  Defendant subsequently made voluntary restitution payments in March, May and December of 2009, and from February of 2010 through July of 2013.  Defendant made one final

---

[2] Receipts establishing defendant's payment history are reflected on the docket sheet.

2

voluntary restitution payment in September of 2013 and failed to make any voluntary restitution payments thereafter.

For more than four years – from October of 2013 through November of 2017 – defendant made no restitution payments. *Id*. Starting in December of 2017, the government began collecting monthly restitution payments through the Government's Treasury Offset Program ("TOP"). *Id*. These involuntary TOP payments have continued from December of 2017 through the present. *Id*.

Defendant has completed his term of supervised release but still owes $259,705.23 in total criminal monetary penalties.

The Mandatory Victims Restitution Act ("MVRA") states, in relevant part, "when sentencing a defendant convicted of an offense [against property under Title 18], the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C.§ 3663A(a)(1). For offenses resulting in loss of property, "[t]he order of restitution shall require" the defendant to return the property to the owner or pay an amount equal to the value of the property. 18 U.S.C. § 3663A(b)(1). The MVRA does not automatically authorize the imposition of community service in lieu of paying restitution. *See* 18 U.S.C. § 3663A.

The MVRA also states "[a]n order of restitution under this section shall be issued  . . . in accordance with section 3664." 18 U.S.C. § 3663A(d). "In each order

3

of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). After the court determines the full amount of restitution owed to each victim, then "the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2).

Restitution may be paid in a lump-sum or partial payments and may include in-kind payments or a combination thereof. 18 U.S.C. § 3664(f)(3)(A). An in-kind payment can include "services rendered to the victim or a person or organization other than the victim," but only if the victim agrees. 18 U.S.C. § 3664(f)(4)(C). In-kind restitution must be enforced by a probation officer. 18 U.S.C. § 3664(m)(2).

Courts have some discretion under §§ 3664(f)(2) and 3572(d) when setting a payment schedule. However, a defendant sentenced to pay restitution "shall make such payment immediately" unless the court provides otherwise. 18 U.S.C. § 3572(d)(1) (emphasis added). If a court permits something other than immediate payment, then the court shall set "the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2). Once entered, an order of restitution is a final judgment that may only be corrected for a clerical error, appealed to a

4

higher court, amended to include additional victim losses, or adjusted to alter the payment schedule in limited circumstances not at issue in the present case. 18 U.S.C. § 3664(o); *see also United States v. Evans*, 48 F.4th 888, 894 (8th Cir. 2022) (expressing "serious doubt" about the district court's ability to modify a final restitution order outside of prescribed statutory exceptions). To the extent a defendant may argue that the district court erred at the time of sentencing by ordering restitution, any such challenge must be brought through a direct appeal, rather than a collateral attack. *United States v. Day*, 2009 WL 2948462, at *2-3 (E.D. Mo. Sept. 14, 2009) ("To the extent defendant asserts that the Court erred at the time of his sentencing with respect to the imposition of restitution, he should have challenged his sentence on direct appeal. By failing to file a direct appeal, defendant waived his opportunity to challenge the restitution component of his sentence.") (citation modified).

To the extent defendant is asking the Court to end or vacate his restitution obligation, the motion is denied. Restitution remains mandatory for defendant's conviction under the MVRA, and the Court lacks the authority to vacate the final restitution order entered in this case over two decades ago.

Defendant's alternative request to modify his restitution to in-kind payments in the form of community service is also denied, as community service may only be

5

ordered if the victim agrees. 18 U.S.C. § 3664(f)(4)(C). Here, there is no evidence that any of the victims have agreed to accept community service in lieu of monetary payments of restitution. In-kind payments must also be enforced by a probation officer, which cannot occur here because defendant has already completed his term of supervision. *See United States v. Keough*, 2010 WL1286676, at *7 (D. Vt. Jan. 5, 2010), report and recommendation adopted, 2010 WL 1286673 (D. Vt. Mar. 29, 2010) (denying the defendant's request to perform community service in lieu of monetary restitution under § 3664(f) because defendant failed to show victim consent and defendant's term of probation already expired).

Defendant waived his opportunity to challenge the imposition and manner of restitution by failing to directly appeal the Judgment after sentencing. Defendant's motion to vacate or for in-kind restitution constitutes an untimely and improper collateral attack on this Court's final judgment and must be denied.

Finally, to the extent defendant's motion is construed as seeking an adjustment to the payment schedule from the current $100 minimum monthly restitution payment down to some lower, unspecified monthly amount, the motion is denied for failure to meet the burden of proof required to obtain such relief. Section 3664(o)(1)(D) permits an adjustment to the payment schedule in the interests of justice upon a material change in economic circumstances that might affect

6

defendant's ability to pay restitution.  18 U.S.C.§ 3664(k).  "A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002).   Defendant bears the burden of demonstrating a material change in his economic circumstances that might affect his ability to pay restitution under § 3664(k).  *See*, *United States v. Forland*, Case No. 4:25CR603 RLW, 2023 WL 11052574, at *6 (E.D. Mo. July 24, 2023) (denying motion to modify restitution because defendant failed to provide evidentiary support that her economic circumstances had materially changed since the time of sentencing); *United States v. McGowan-Baker*, Case No. 4:23CR74 MTS, 2025 WL 1157693, at *1 (E.D. Mo. Apr. 21, 2025) (bare assertions of hardship do not entitle defendant to relief under § 3664(k)).

    Here, defendant fails to meet his burden of proof to obtain modification as he claims that he had $250.00 at the time of sentencing and today "has less."  ECF 268.  Yet the evidence he submitted demonstrates that he receives a monthly income greater than $250.00, suggesting that his economic circumstances may have improved since he was sentenced, thereby undermining his request for relief.  Defendant also offers no evidence of his monthly bills or how his current economic circumstances have materially changed so as to justify a modification in defendant's

7

current payment schedule at this time.  Bare assertions of hardship do not entitle him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to desist restitution [261] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2025.